UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JAMES F. FULLAM,

                           Plaintiff,

            -against-                 **ORDER**
                                                  07 CV 07 (ADS)(ARL)

COUNTY OF NASSAU,

                           Defendant.
-------------------------------------------------------------X

**APPEARANCES:**

**TABAK, MELLUSI & SHISHA**
Attorneys for the Plaintiff
29 Broadway
New York, NY 10006
      By:    Jacob Shisha, Esq., Of Counsel

**NASSAU COUNTY ATTORNEYS' OFFICE**
Attorneys for the Defendant County of Nassau
One West Street
Mineola, NY 11501
      By: James R. Scott, Esq., Deputy County Attorney

**SPATT, District Judge.**

On January 3, 2007, James F. Fullam ("Fullam" or the "Plaintiff") filed a complaint against the County of Nassau (the "County" or the "Defendant"), pursuant to the Jones Act, 46 U.S.C. §688. The Plaintiff, a Nassau County police officer, alleges that in April 2004, he was injured in the course of his employment while attempting to tie up the police boat he had been working on.

On November 9, 2007, the Plaintiff moved *in limine* to preclude the Defendant

from introducing evidence at trial of his pension disability benefits to offset an award for lost wages. Specifically, the Plaintiff contends that the collateral source rule prohibits consideration of disability payments in this case. Although the case has not been deemed trial ready and the parties appear to be engaged in the discovery process, the Plaintiff notes that the parties wish to have this issue decided at this early stage of the litigation for purposes of their settlement discussions and expert discovery. The Defendant opposes the motion.

For purposes of the present motion, the parties stipulated to the following facts:

1. Plaintiff, James F. Fullam, is receiving a disability pension for a job related disability.
2. The pension benefits were made from monies appropriated by Nassau County.
3. Section 470 of the New York Retirement and Social Security Law appears to make the accidental disability retirement benefit a prohibited term of bargaining until July 2007.
4. Ordinary job disability retirement benefits are payable for non-job related disability and accident disability retirement benefits are payable for job related disability.
5. Ordinary disability retirement benefits are payable at different levels based on the Police Officer's number of years of service and accident benefits are payable regardless of the length of service.
6. There is no language in the disability plans, applicable statutes or Administrative Code allowing or mandating a setoff or a judgment received in a tort based lawsuit.
7. When employed by the County, the Plaintiff did not make any contributions from his wages into the disability trust fund, from which fund he is presently receiving his disability pension.

**DISCUSSION**

The Plaintiff contends that the collateral source rule precludes the Defendant from introducing evidence at trial of his pension disability benefits to offset an award for lost wages. The collateral source rule

> is a substantive rule of law that bars the reduction of an award by funds or benefits received from collateral or independent sources. It applies to cases governed by federal law, including negligence cases arising out of the Jones Act. The rule is intended to ensure that the availability of independent sources of income providing compensation does not reduce plaintiff's recovery. Collateral sources include income from personal insurance coverage as well as employee benefits.

King v. City of New York, 2007 U.S. Dist. LEXIS 43173, at *3-4 (S.D.N.Y. June 13, 2007).

In Ebert v. City of New York, No. 04 Civ. 9971, 2006 U.S. Dist. LEXIS 43337 (S.D.N.Y. June 26, 2006), a Court in the Southern District of New York addressed a motion *in limine* with facts remarkably similar to those in the present case. In Ebert, the plaintiff, a Lieutenant in the New York City Police Department assigned to its Harbor Unit, was injured at work and filed suit against his employer, the City of New York, pursuant to the Jones Act, 46 U.S.C. § 688. Ebert, 2006 U.S. Dist. LEXIS, at *1. As a result of his injuries, the plaintiff received a disability pension from the New York City Police Pension Fund. Id. In Ebert, the defendant sought "to offset all amounts paid and to be paid to plaintiff through the Pension against any past or future lost wages that

3

plaintiff may recover." Id. at *3.

The Ebert Court found that the collateral source rule applied. Specifically, the Court noted that "[a]ccording to this doctrine, which is an established exception to the general rule that damages in a negligence action must be compensatory, a wrongdoer is not permitted to reduce a plaintiff's recovery because of benefits which the latter may have received from another source." Id. (citing Cunningham v. Rederiet Vindeggen A/S, 333 F.2d 308, 316 (2d Cir. 1964)). Further, the Court determined that "the source of the funds may be determined to be collateral or independent, even though the employer-tortfeasor supplies such funds. Application of the collateral source rule depends less upon the source of funds than upon the character of the benefits received." Id. at *9 (citing Haughton v. Blackships, Inc., 462 F.2d 788, 790 (5th Cir. 1972)).

The Court found that "[t]he Pension very clearly does not represent an effort on the part of defendant to provide indemnification for itself in the event of its liability to police officers injured in the line of duty. Rather, it reflects the public's concern for the welfare of police officers injured in the line of duty." Id. at *9-10. "In determining whether a benefit plan that is wholly or partly funded by the tortfeasor is a collateral source, the ultimate inquiry remains whether the tortfeasor established the plan as a prophylactic measure against liability . . . In this case there is no evidence of any such intent." Id. at *11.

As such, the Ebert Court determined that "[t]he collateral source rule applies to the Pension, and defendant may not offset the Pension payments to plaintiff against any verdict in favor of plaintiff." Id. at *12.

Similarly, in King v. City of New York, No. 06 Civ. 6516, 2007 U.S. Dist. LEXIS 43173, at *1 (S.D.N.Y. June 13, 2007), the Court also addressed similar issues to those raised in the present case. In King, the plaintiff, "a member of the New York City Fire Department's Marine Division 1, allegedly suffered injuries at Marine Division 1's boat house and pier when a dock collapsed," and brought suit against his employer, the City of New York, under the Jones Act. As in the present case, the plaintiff moved *in limine* to preclude the defendant from offering evidence of disability benefits the plaintiff received pursuant to a disability pension. King, 2007 U.S. Dist. LEXIS at *2.

In addressing the application of the collateral source rule, the King Court noted:

> When the tortfeasor does provide an independent benefit, courts must consider the nature of the benefit to determine whether it should offset liability. It would be unfair to force a tortfeasor to pay twice for a liability when the intended purpose of an independent benefit was to offset liability. This is particularly true when the government provides both monetary compensation and the separate benefit, covering the same injury, out of its general funds. Under these circumstances, a plaintiff will obtain an unjust windfall by collecting both forms of compensation from the government. Thus, when the government is both the tortfeasor and the source of independent benefits some courts have recognized an exception to the collateral source rule. The exception, however, is very narrow, and not absolute. The source of the funds may be determined to be collateral or independent, even though the employer-tortfeasor supplies such funds . . . In determining whether a governmental source of funds is collateral, the court may

5

> consider a number of factors. Ultimately, the inquiry focuses on whether the benefit provided by the government is intended to indemnify the government against liability arising from personal injury.

Id. at *5 -7 (internal citations omitted).

The Court determined that the defendant City's disability pension was not intended to offset tort liability, and therefore, was a collateral source within the meaning of the collateral source rule. Id. at *9. The Court noted that "[s]imply because the pension benefit at issue here is provided gratuitously does not mean that it necessarily serves to offset the City's tort liability, or is intended to do so." Id. at *11.

In the present case, the collateral source rule prohibits consideration of the disability payments received by the Plaintiff. The facts of the present case are almost identical to those in Ebert and King. As stated above, the Plaintiff received disability pension payments and there is no evidence that the disability pension was provided by the County in order to offset tort liability. Moreover, the disability pension can be collateral despite the fact that it has been provided by the employer-tortfeasor.

As such, the Plaintiff's motion *in limine* is granted and the Defendant is precluded from offering evidence of the Plaintiff's disability pension payments to offset an award for lost wages.

**SO ORDERED.**
Dated: Central Islip New York
July 7, 2008

*/s/ Arthur D. Spatt*
Arthur D. Spatt
United States District Judge
